UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 24-cr-10101-JEK |
| | ) | |
| JOHN REARDON, | ) | |
| | ) | |
| Defendant. | ) | |

### UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO CONTINUE RELEASE STATUS PENDING SENTENCING

The United States respectfully opposes defendant John Reardon's Motion to Continue Release Status Pending Sentencing because the defendant has not set forth evidence clearly showing that there are exceptional reasons why this defendant's remand would not be appropriate. The government asks this Court to deny the defendant's Motion and remand the defendant to custody following his guilty plea.

The defendant was charged on January 30, 2024 with using a facility of interstate commerce to threaten members and employees of a Massachusetts synagogue (identified as "Synagogue 1" in the charging document) with harm via an explosive. ECF No. 2. The defendant's threats, recorded in a voicemail, were laced with expletives and antisemitic words and phrases. His threats included, *inter alia*, bombing Jewish places of worship and killing Jews. ECF No. 2-2. The government moved for pretrial detention, arguing that the defendant was both a danger to the community and a risk of obstructing justice and threatening witnesses. Following a hearing, Magistrate Judge Levenson ordered the defendant released on conditions. ECF 13. The government subsequently filed an Information that charged the defendant with threatening both

Synagogue 1 and a different synagogue in Massachusetts identified in the charging document as "Synagogue 2." ECF No. 16.

The government then learned, after filing the Information, that prior to threatening the two synagogues the defendant had made 98 harassing calls to the Israeli Consulate in Boston between October 7, 2023 and January 25, 2024. Yesterday the government filed a three-count Superseding Information (ECF No. 36) charging the defendant with violations of: (1) Obstruction of Free Exercise of Religious Beliefs by Threat of Force in violation of 18 U.S.C. §§ 247(a)(2) and (d)(3) (addressing the conduct related to Synagogue 1); (2) Transmitting in Interstate and Foreign Commerce a Threat to Injure a Person, in violation of 18 U.S.C. § 875(c) (addressing the conduct related to Synagogue 2); and (3) Stalking Using a Facility of Interstate Commerce, in violation of 18 U.S.C. § 2261A(2)(B) (addressing the conduct related to the Israeli Consulate).

Pursuant to 18 U.S.C. § 3143(a)(2), a judicial officer shall order a defendant found guilty of an offense set forth in 18 U.S.C. § 3142(f)(1)(A) be detained while awaiting imposition of sentence. Offenses in section 3142(f)(1)(A) include a "crime of violence," which is "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a). Counts One and Two of the Superseding Information (ECF No. 36), 18 U.S.C. §§ 247(a)(2) and (d)(3) and 18 U.S.C. § 875(c), both have as an element the threatened use of physical force against a person or property of another and are thus crimes of violence under 18 U.S.C. § 16(a). Once the defendant pleads guilty to these charges, remand into custody is mandatory. 18 U.S.C. § 3143(a)(2).

However, 18 U.S.C. § 3145(c) sets forth an "exceptional reasons" clause that, when clearly shown to the Court, may overcome the mandatory remand.[1] Courts have held that that exceptional reasons warranting release under section 3145(c) must be "a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. Weiner*, 972 F.2d 337 (1st Cir. 1992) (cleaned up). *See also United States v. Larue*, 478 F.3d 924, 925 (8th Cir. 2007) (holding that exceptional circumstances under section 3145(c) must be "clearly out of the ordinary, uncommon, or rare").

The defendant provided the government with voluminous records regarding his mental and physical health. The government reviewed those records. While the government expresses sympathy for the defendant's mental and physical health conditions, the medical and psychological records do not clearly show unique, uncommon, or rare circumstances that constitute exceptional reasons why detention is not appropriate following his conviction for multiple crimes of violence. Unfortunately, mental health conditions are common among defendants who commit crimes and are not unique or rare. The types of mental health issues shown in the defendant's records are regularly and consistently treated in jails and prisons. With respect to the defendant's physical health records that were provided to the government, there is no evidence of any emergency medical need and no indication of any urgent medical issue that cannot be addressed by medical professionals in prison.

The defendant has not clearly shown that there are exceptional reasons why his remand would not be appropriate. Thus the defendant cannot overcome the statutory requirement for remand after conviction under 18 U.S.C. § 3143(a)(2).

---

[1] The government assumes for purposes of this filing that the exceptional reasons clause in 18 U.S.C. § 3145(c) applies to the defendant's mandatory remand after a guilty plea in this case.

Finally, it has been nearly nine months since the defendant's arrest. Continued release after the Rule 11 hearing would provide the defendant with additional opportunities to seek to delay his sentencing. The victims in this case – the members and employees of the synagogues that the defendant threatened to kill, bomb, and stomp their babies dead into the ground – would like to see the case resolved as soon as possible so that they can try to move forward without fear in their worship and religious activities.

Therefore, the United States respectfully requests that the Court deny the defendant's Motion to Continue Release Status Pending Sentencing and remand the defendant into custody following his guilty plea.

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

*/s/ Torey B. Cummings*
Torey B. Cummings
Assistant United States Attorney

November 22, 2024

CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2024 this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

*/s/ Torey B. Cummings*
Torey B. Cummings
Assistant United States Attorney

4