UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Case No: 24-cr-10101-PGL/JEK |
| JOHN REARDON | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MOTION TO REVOKE RELEASE AND FOR ORDER OF DETENTION**

The United States of America hereby moves pursuant to 18 U.S.C. § 3148 to revoke Defendant John Reardon's release and for an order of detention. As set forth in more detail below, the government's motion is based on evidence that this defendant committed new crimes while on release, violated a condition of release, is a danger to the community, and is unlikely to abide by any condition or combination of conditions of release. The United States asks the Court to set a detention hearing as soon as possible, but in any event no later than April 15, 2025.

**Procedural Background**

The defendant was charged by criminal complaint on January 28, 2024 with a violation of 18 U.S.C. § 844(e) for using a cell phone to threaten to injure the Agudas Achim Synagogue in Attleboro, Massachusetts and its congregants with an explosive device. ECF No. 2-2. Upon arrest, the government moved to detain Reardon, arguing that he was both a danger to the community and a risk of obstructing justice and threatening witnesses. The Court held a detention hearing on January 31, 2024 and February 7, 2024. ECF Nos. 4, 8. During that hearing, the government presented evidence that Reardon not only threatened the Agudas Achim Synagogue with antisemitic threats, but on the same morning he also threatened Congregation

1

Etz Chaim, a synagogue in Sharon, Massachusetts, and its congregants. Reardon's threats to the synagogues included not just threats to bomb Jewish houses of worship, but also threats to kill all Jewish people and stomp Jewish babies dead into the ground, among other violent and antisemitic statements.

On February 7, 2024, the Court released the defendant and ordered him to abide by certain conditions. ECF No. 13. In particular, the defendant was ordered not to commit "any offense in violation of federal, state or local law." *Id*., Condition #1. He was further ordered to "obey all directions and instructions of the supervising probation officer." *Id*., Condition #7(a).

On November 25, 2024, the defendant waived indictment and pled guilty to a three-count Information, admitting to Obstructing the Free Exercise of Religious Beliefs by Threat of Force in violation of 18 U.S.C. § 247(a)(2) and (d)(3) (Count 1); Transmitting in Interstate Commerce a Threat to Injure a Person in violation to 18 U.S.C. § 875(c) (Count 2); and Stalking Using a Facility of Interstate Commerce, in violation of 18 U.S.C. § 2261A(2)(B) (Count 3). Count 1 relates to Reardon's criminal conduct as to the Attleboro synagogue. Count 2 relates to Reardon's criminal conduct as to the Sharon synagogue and includes a special finding that he intentionally selected the members and employees of that synagogue as the objects of his threat because of the actual and perceived religion of those individuals.

Count 3 relates to the defendant calling the Israeli Consulate in Boston a total of 98 times between October 7, 2023 and January 29, 2024. In making those phone calls, the defendant intended to harass and intimidate the employees of the Israeli Consulate in Boston, who he intentionally selected as the objects of the offense because of their actual and perceived religion and national origin. In his phone calls to the Israeli Consulate, the defendant made a number of

2

antisemitic comments laced with expletives that included: "Time to prepare the furnaces again. I hope that you people are wiped off the face of the earth"; "You are maggots, you are scum, you are below animals, you Israelis"; "You fucking kikes. You stupid mother fucking killing kids….Fuck you Jewland"; and "Death to Israel, wipe the Jews." This is just a small sample of the defendant's statements to the Israeli Consulate. The statements caused, or would be reasonably expected to cause substantial emotional distress to the employees there.[1]

Following his guilty plea, the government again sought to detain the defendant pending his sentencing hearing. ECF No. 39. The government argued that 18 U.S.C. § 3143(a)(2) mandated the defendant's detention pending sentencing because the defendant pled guilty to an offense included in 18 U.S.C. § 3142(f)(1)(A). Specifically, he committed multiple crimes of violence (he threatened the use of physical force against the person or property of another). *See* 18 U.S.C. § 16(a). The government further argued that there were no "exceptional reasons" under 18 U.S.C. § 3145(c) to overcome the mandatory remand requirement. The Court ruled against the government, finding exceptional reasons existed, and released the defendant on the conditions previously imposed by the Magistrate Judge. ECF No. 42.

## Factual Background

On or about February 5, 2025 and February 12, 2025, Reardon allegedly used the telephone to threaten to harm an employee of RightSpace Self Storage in Upton, Massachusetts. Specifically, Reardon allegedly told the employee he was going to "fuck him up" and threatened

---

[1] The government presented evidence at the January 31, 2024 and February 7, 2024 detention hearing that Reardon had made 98 calls to the Israeli Consulate, but at the time of that hearing, the government was not yet aware of the content of those calls. Thus when he made the initial decision to release Reardon on conditions, the Magistrate Judge was not aware that Reardon had also harassed and intimated Israeli Consulate employees – repeatedly and relentlessly – with offensive antisemitic statements in and around the same time period he threatened the synagogues.

3

to blow up the RightSpace Self Storage facility. *See* Upton Police Department Report, attached hereto as Exhibit A. Reardon allegedly preceded his telephonic threats of violence with weeks of yelling and swearing at and threatening the employees of RightSpace Self Storage. The Upton police submitted a criminal complaint in Milford District Court charging John Reardon with violations of M.G.L Ch. 269 S. 14, Bomb/Hijack Threat (a felony), and two counts of violating M.G.L. Ch. 275 S. 2, Threat to Commit Crime (misdemeanors). *See* Application for Criminal Complaint, attached hereto as Exhibit B. Reardon's arraignment is scheduled for May in Milford District Court.

Based on the facts set forth in Exhibit A, the United States could seek to charge the defendant with violating 18 U.S.C. § 844(e) for using a telephone to willfully threaten to kill, injure, or intimidate the RightSpace Self Storage employee and unlawfully damage a building by means of an explosive. Notably, this is the same statute that the United States originally charged the defendant with violating in January 2024, after he threatened to bomb a synagogue.

Upon learning of the allegations of criminal conduct as to the RightSpace Self Storage employee, Reardon's U.S. Probation Officer contacted Reardon on February 27, 2025 and instructed him to not have any contact with RightSpace Self Storage, or anyone working at the facility. Reardon allegedly violated that instructive the very next day, February 28, 2025, by calling an employee of the RightSpace Self Storage and leaving a voicemail.

## Argument

Based on the facts set forth above, there is probable cause to believe that Reardon committed multiple state crimes in February 2025, while on release. Thus, there is a rebuttable presumption under 18 U.S.C. § 3148(b)(2) that no condition or combination of conditions will

assure that Reardon will not pose a danger to the safety of any other person or the community. Reardon is alleged to have repeated the same criminal conduct that he was convicted for in this case – relentlessly harassing and threatening people and property with violence. His impulsive and repeated criminal conduct demonstrates that he is unlikely to abide by any combination of conditions of release. *Id.*

In addition, there is clear and convincing evidence that Reardon violated a second condition of release, to wit, the requirement that he obey all directions and instructions of his supervising probation officer. ECF No. 13, Condition #7(a). Reardon called RightSpace Self Storage the very next day after his probation officer told him to cease all contact with the facility. This violation provides further evidence that Reardon cannot control himself, even when instructed to do so by an officer of the Court.

Reardon's pattern of conduct shows that when he becomes angry, he is unable to control his impulses to harass and threaten people. Reardon allegedly engaged in this behavior even after being ordered by the Magistrate Judge in no uncertain terms to strictly comply with his conditions of release, after pleading guilty and admitting to committing multiple violent federal crimes involving threats and harassment, and after his probation officer specifically instructed him to stop these victims.

In light of Reardon's repeated and violent criminal conduct and blatant disregard for the Court's authority, the only reasonable conclusion is that Defendant "is unlikely to abide by any condition or combination of conditions of release," and revocation is thus required pursuant to 18 U.S.C. § 3148(b)(2)(B).

**Conclusion**

For the foregoing reasons, the United States asks that the Court schedule a hearing before April 15, 2025 and, following the hearing and pursuant to 18 U.S.C. § 3148(b), revoke Defendant's release and order his detention.

Respectfully submitted,

LEAH B. FOLEY
UNITED STATES ATTORNEY

By:/s/ *Torey B. Cummings*
TOREY B. CUMMINGS
Assistant U.S. Attorneys
One Courthouse Way, Suite 9200
Boston, Massachusetts 02210
torey.cummings@usdoj.gov

April 9, 2025

**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

/s/   *Torey B. Cummings*
Torey B. Cummings
Assistant United States Attorney

Date: April 9, 2025

6